UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher G. Simpson, # 257108,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Lt. Brandon Scott;<br>Capt. Chris Cornell, *Elberton County Sheriffs Office*;<br>Wade King, *Elbert County Sheriffs Dept.*;<br>Charles Goodwin, *Sheriff Abbeville County*;<br>Investigator John Martin, *Abbeville County Sheriffs Dept.*;<br>Investigator Mike Belcher, *Abbeville County Sheriffs Dept.*;<br>Lt. Turman, *Abbeville County Sheriffs Dept.*;<br>Chief Deputy Marion Johnson;<br>E. Charles Grose, Jr., *Abbeville Public Defender*,<br><br>　　　　　　　　　　　Defendants. | C/A No. 8:11-0618-HFF-KFM<br><br><br>**Report and Recommendation** |

### *Background of this Case*

Plaintiff is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections ("SCDC"). The SCDC website (www.doc.sc.gov) indicates that Plaintiff is serving a six-year sentence on a conviction for "Manuf. Dist. Meth. 1st" entered in the Court of General Sessions for Abbeville County in April 2009. Plaintiff's projected release date is September 11, 2012.

The "STATEMENT OF CLAIM" portion of the Section 1983 Complaint reveals that this civil rights action arises out of Plaintiff's arrest on charges of theft of a motor vehicle (two counts) and criminal damage to property. Those charges arose in Elbert County (Georgia), which borders Abbeville County (South Carolina). Plaintiff was arrested because of mistaken identity. Those "Elbert County" charges were eventually dropped.

A "meth lab" was discovered on Plaintiff's property in Abbeville County after a search warrant was issued with respect to the allegedly stolen items. Plaintiff was convicted on charges relating to the meth lab in the Court of General Sessions for Abbeville County. In effect, Plaintiff contends that his arrest and conviction on charges relating to the meth lab were the result of his wrongful arrest on the Elbert County charges. In his prayer for relief, Plaintiff seeks compensatory damages, punitive damages, reasonable attorney's fees, and other relief deemed "necessary and just" by this Court.

Appended to the Complaint is a photocopy of an article from a local Abbeville County paper. The article, which is from 2008, indicates that the real perpetrator of the Elbert County crimes was Christopher David Simpson of Iva, South Carolina. Plaintiff's full name is Christopher Guy Simpson.

### Discussion

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). Even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

Although Plaintiff did receive a favorable termination on the Elbert County charges, it is clear from the Complaint that Plaintiff is challenging his conviction relating to the meth lab found on his property in Calhoun Falls when officers came to arrest him on the Elbert County charges. Hence, this case is subject to summary dismissal because a right of action has not accrued with respect to matters pertaining Plaintiff's conviction (in Abbeville County) for manufacturing and distribution of methamphetamine. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (footnote omitted).

Until Plaintiff's conviction relating to the meth lab is set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred

because of the holding in *Heck v. Humphrey*. Even so, the limitations period will not begin to run until the cause of action accrues. *Benitez v. Hollowell*, Civil Action No. 2:10-2636-RMG-RSC, 2010 WL 5490198, at *2 (D.S.C. Dec. 8, 2010).

Public Defender Grose is subject to summary dismissal because he has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981) (public defender). *See also Vermont v. Brillon*, 173 L.Ed.2d 231, 129 S.Ct. 1283, 1286 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

Although contentions similar to those raised by Plaintiff are cognizable in courts of the State of South Carolina, *State v. Boswell*, Opinion No. 26941, 2011 WL 873153 (S.C. March 14, 2011) (direct appeal), Plaintiff cannot obtain relief in this Section 1983 civil rights action based on his conviction in Abbeville County. *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).

4

With respect to the Elbert County charges, Plaintiff does not have a valid false arrest claim because he was arrested pursuant to an arrest warrant. To state a cognizable § 1983 claim for false arrest, a plaintiff must claim an arrest was made without an arrest warrant. See *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) ("a claim for false arrest may be considered only when no arrest warrant has been obtained"); and *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181-82 (4th Cir. 1996) (when the arresting official makes the arrest with a facially-valid warrant, it is not false arrest).

Plaintiff cannot obtain attorney's fees in this civil rights action. See, e.g., *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (*pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action).

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. The plaintiff's attention is directed to the Notice on the next page.

March 16, 2011                                       s/Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).